UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN MARIE SPUHLER,

    Plaintiff,

v.                                                           Case No. 16-12171

COMMISSIONER OF SOCIAL SECURITY,        HON. AVERN COHN

    Defendant.

_____/

## **DECISION AFFIRMING DENIAL OF BENEFITS**

### I.    INTRODUCTION

This is a Social Security case. Plaintiff Dawn Spuhler (Spuhler) appeals a decision of the Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits. Spuhler asserts a physical impairment of plantar fasciitis (foot inflammation) and mental impairments of depression and anxiety.

Spuhler is suing under 42 U.S.C. § 405(g) seeking reversal of the Commissioner's decision. Spuhler filed a motion for summary judgment, (Doc. 10). The Commissioner filed a cross motion for summary judgment, (Doc. 12). The motions were referred to a magistrate judge who reported and recommended, (Doc. 15), that the Court deny Spuhler's motion, grant the Commissioner's motion, and affirm the denial of benefits. Spuhler objected, (Doc. 16), and the Commissioner responded, (Doc. 18).

The Court has considered the report and recommendation (R&R) and Spuhler's objections, and conducted a *de novo* review of the record pertaining to the objections. The Court agrees with the magistrate judge's conclusions and reasoning.

## II. DISPOSITION

Spuhler's objections to the R&R, (Doc. 16), are OVERRULED, the R&R, (Doc. 15), is ADOPTED and INCORPORATED as the Court's findings and conclusions, Spuhler's motion for summary judgment, (Doc. 10), is DENIED, the Commissioner's cross motion, (Doc. 12), is GRANTED, and the denial of benefits is AFFIRMED.

## III. FACTS AND PROCEDURAL HISTORY

Spuhler did not object to the R&R's recitation of the facts and procedural history. (Docs. 15, 16). The Court will not restate them.

## IV. GROUNDS FOR REVIEW

Spuhler seeks review of the agency's determination of her residual functional capacity (RFC) to perform sedentary work with restrictions on various grounds.

First, the functional assessments of her treating and examining physicians were deficient because the assessments did not exhaust every work-related function. Second, the administrative law judge (ALJ) did not properly analyze RFC because the ALJ's written decision did not itemize limitations "function by function" and apply them to every work-related activity. Third, the ALJ invoked the wrong standard for determining RFC in citing to the criteria for rating the severity of mental impairments under 20 C.F.R. §§ 404.1520a, 416.920a. Fourth, the ALJ failed to recontact Dr. Daniel Zahari, her treating podiatrist, under 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) (2012) regarding a discrepancy in two functional reports he issued. Last, the ALJ gave no "good reasons" for according marginal weight to Dr. Zahari's opinion as to her functional limitations.

## V.     STANDARD OF REVIEW

### A.     R&R Objections

The Court must review *de novo* parts of an R&R to which a party objects. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### B.     Commissioner's Disability Determination

The Court reviews the agency's decision only to determine if "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In doing so, the Court does not resolve conflicts in the evidence or questions of credibility. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

## VI.     R&R OBJECTIONS

Spuhler reiterates the ALJ (1) gave inadequate reasons for discounting Dr. Zahari's opinion as to her functional limitations, and (2) erroneously failed to recontact Dr. Zahari to clarify any discrepancy in his two reports. Spuhler says the ALJ (1) wrongly relied on the opinion of consulting psychologist Dr. Jerry Csokasy because it pre-dated her November 2013 hospitalization for depression, and (2) should have ordered a re-evaluation in light of this fact. Last, Spuhler says the ALJ misinterpreted the medical evidence overall in finding her able to work.

## VII. DISCUSSION

### A. Failure to Accord Significant Weight to Dr. Zahari's Opinion

The ALJ detailed at length the two functional reports submitted by Dr. Zahari and the reasons for assigning his opinions "very little" and "some" weight. (AR at 31, 34-36). The treatment notes of Dr. Zahari from 2011-2014 reflected clinical findings of no musculoskeletal abnormalities, cited subjective complaints of foot pain improving with time, and did not reference Spuhler's use of a cane. This did not support Dr. Zahari's opinion that Spuhler could ambulate no more than 25 feet without using a cane, and stand and walk for 5 minutes total. (*Id.* at 435). The treatment notes were consistent with the opinion of Dr. Michael Geoghegan, a physician who examined Spuhler and likewise found no abnormalities. (*Id.* at 418-22). This was adequate reason to discount Dr. Zahari's opinion. *See* 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5) (requiring "good reasons" in an ALJ's decision for weight assigned to a treating source's opinion).

### B. Failure to Recontact Dr. Zahari Regarding Discrepancy

Spuhler cites 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) (2012) for the proposition that the ALJ was obliged to recontact Dr. Zahari regarding a discrepancy in his functional reports. That version of the regulation was not in effect at the time of the ALJ's decision. *See id.*; (AR at 23-39). Given the four medical opinions and years of treatment notes and examinations, there was enough evidence for the ALJ to determine RFC without contacting Dr. Zahari. *See* 20 C.F.R. §§ 404.1520b(b), 416.920b(b).

### C. Reliance on Medical Opinions Pre-Dating Hospitalization

**1.**

Spuhler had the burden to prove that her mental condition had worsened since the 2011 denial of her first application. *See Priest v. Soc. Sec. Admin.*, 3 F. App'x 275, 276 (6th Cir. 2001); 20 C.F.R. §§ 404.1512(a), 416.912(a).

**2.**

The agency was not obliged to order an updated examination or evaluation in light of the November 2013 hospitalization unless it thought there insufficient evidence to determine RFC. *See* 20 C.F.R. §§ 404.1519a(b), 416.919a(b) ("We may purchase a consultative examination . . . when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim."). The contents of the notes of Dr. Junaid Muhammad Ghadai, Spuhler's treating psychiatrist, in the months after hospitalization mirrored the unremarkable clinical findings of the notes in the months before hospitalization. This suggested that the incident was an acute exacerbation of Spuhler's depression, but not one that changed the character of her impairment. There was, thus, no need for the ALJ to seek additional examinations or evaluations.

**3.**

At the hearings on July 12 and 21, 2017, Spuhler cited a treatment note of Dr. Ghadai at AR 552 as evidence of Spuhler's condition "during the hospitalization." However, the treatment note is dated November 14, 2013, one day *before* the hospitalization, and mirrors treatment notes after the hospitalization. (AR at 516, 552).

Spuhler says the government, ALJ, and magistrate judge cite the notes of Dr. Ghadai as evidence of "substantial improvement" post-hospitalization. However, the

notes were cited only as evidence that Spuhler's mental state returned to what it was pre-hospitalization. Spuhler misunderstands the burden and standard of proof. The government need not show her condition improved; she must show that it worsened.

### D.     Interpretation of the Medical Evidence

A claimant's bare assertion that the agency misconstrued the medical evidence to find her non-disabled is too generalized an objection to be cognized. *See Colbert v. Comm'r of Soc. Sec.*, 2017 WL 1018149, at *2 (E.D. Mich. 2017) (Edmunds, J.) (finding such an objection waived as it was summary in nature and went to the magistrate judge's "determination regarding the weight of the evidence"); *Arroyo v. Comissioner of Soc. Sec.*, 2016 WL 424939, at *3 (E.D. Mich. 2016) (Michelson, J.) (noting such objections are regarded as "tantamount to an outright failure to lodge objections").

For this reason, Spuhler's final ground for review is unavailing.

SO ORDERED.

                                               s/Avern Cohn
                                               AVERN COHN
                                               UNITED STATES DISTRICT JUDGE

Dated: July 27, 2017
       Detroit, Michigan